[615 NYS2d 439]

In the Matter of ALTON H. MADDOX (Admitted as ALTON H. MADDOX, JR.), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 1, 1994

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

*Alton H. Maddox, Jr.,* Brooklyn, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained both charges and rejected the respondent's claim of selective enforcement. The respondent now moves to reject the Special Referee's report and to enter an order in his favor dismissing the charges. The petitioner cross-moves to confirm the Special Referee's report.

Charge One alleges that on October 6, 1988, the petitioner received a complaint from the New York State Attorney-General. The Attorney-General's complaint alleged that the respondent, as an attorney, had engaged in serious professional misconduct in connection with the highly publicized Tawana Brawley matter and his representation of Ms. Brawley in that matter. Based upon the Attorney-General's complaint and two others with respect to the same matter, the Grievance Committee initiated an investigation pursuant to 22 NYCRR 691.4 (c).

As part of its investigation, the Grievance Committee requested, by a letter dated October 20, 1989, that the respondent appear before the Committee to give testimony on November 13, 1989. The respondent failed and refused to appear before the Grievance Committee for the purpose of giving testimony. He also failed and refused to appear on several occasions thereafter. As a result of the respondent's continuing refusal to cooperate with the Grievance Committee in its investigation, the Grievance Committee has been prevented from completing its inquiry into the Attorney-General's

charges, which remain unresolved, and the respondent has been suspended from the practice of law until further order of this Court.

The present proceeding relates solely to the respondent's refusal to cooperate in the investigation of the Attorney-General's complaint. Charge One alleges that in refusing to appear before the Grievance Committee and in refusing to cooperate with its investigation, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (former [7]) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Two alleges that, after being suspended from the practice of law by an order dated May 21, 1990, the respondent failed to file with the Clerk of this Court an affidavit showing compliance with that order and with the Rules of this Court. Charge Two alleges that in failing to file an affidavit of compliance, the respondent violated 22 NYCRR 691.10 (f) and Code of Professional Responsibility DR 1-102 (A) (5) and (8) (former [7]) (22 NYCRR 1200.3 [a] [5], [8]).

Upon a review of the evidence adduced, we conclude that the Special Referee properly sustained both charges. Accordingly, the respondent's motion to reject the Special Referee's report and to enter an order in his favor dismissing the charges is denied and the petitioner's cross motion to confirm the Special Referee's report is granted.

The record is replete with a series of accommodations that were made to the respondent by the Grievance Committee, the Special Referee, and this Court to secure his cooperation. After being served with a copy of the Attorney-General's detailed complaint, the respondent failed to comply with at least three requests by the Grievance Committee to answer the complaint. The respondent was repeatedly advised that his continuing failure to respond to the substance of the Attorney-General's complaint might result in the Committee's requesting that he be suspended from the practice of law. When threatened with a motion for his interim suspension, the respondent submitted a letter dated December 12, 1988, to the Honorable William Booth, then Chairman of the Grievance Committee for the Second and Eleventh Judicial Districts, in which he provided an answer to the Attorney-General's complaint. Thereafter, the Grievance Committee withdrew its motion to suspend the respondent.

By a letter dated October 20, 1989, the Grievance Committee informed the respondent that his presence before it was

required; yet the respondent failed to appear before the Committee on the scheduled date of November 13, 1989.

The Grievance Committee subsequently moved to suspend the respondent from the practice of law, pursuant to 22 NYCRR 691.4 *(l)* (1), when he failed to appear and give testimony regarding the Grievance Committee's investigation of the Attorney-General's complaint. The respondent cross-moved to dismiss the proceeding or to require the Committee to accord him a public proceeding. By a decision and order dated November 30, 1989, this Court denied the Grievance Committee's motion to suspend the respondent on the condition that he appear before it, on a date and at a time to be determined by the Committee, to give testimony and to provide it with materials relevant to its pending investigation of alleged professional misconduct. In denying the respondent's cross motion, this Court noted that at that juncture, i.e., at the investigatory stage prior to the commencement of any disciplinary proceeding, the need for confidentiality, in order to promote the voluntary giving of evidence and to minimize outside interference with the investigatory process, outweighed the respondent's interest in being provided with a public forum.

Pursuant to this Court's November 30, 1989 order, the Grievance Committee afforded the respondent two further opportunities to appear before again moving to suspend him based upon his continued failure to cooperate with its investigation. By a letter dated February 26, 1990, the Clerk of this Court informed the respondent that his request that the investigatory stage of the proceeding be bypassed and that the Grievance Committee proceed directly to a public disciplinary hearing had been denied by this Court. The Clerk also informed the respondent that the Grievance Committee's motion to suspend him had been held in abeyance in order to afford him yet another opportunity to appear before the Committee no later than March 15, 1990. Although the respondent appeared before the Grievance Committee on the designated date, he did not testify. He demanded additional documents and further adjournment. The requested documents were provided, and the respondent's appearance was adjourned until May 7, 1990. Although the respondent appeared on that date, he was unprepared to testify due to his involvement, as defense counsel for the Reverend Alfred C. Sharpton, in a criminal trial in the Supreme Court, New York County. Significantly, the pending criminal matter had been adjourned

by the Trial Judge to allow the respondent an opportunity to appear and testify before the Grievance Committee.

By an order of this Court dated May 21, 1990, the respondent was suspended from the practice of law with leave to complete his representation of the Reverend Alfred C. Sharpton in the pending criminal proceeding through the sentencing of the Reverend Sharpton, should he be found guilty.

After the service of the petition and the respondent's answer, numerous points were raised which required resolution by the Special Referee. At a preliminary conference on August 18, 1992, the Grievance Committee's counsel declared that the Committee's affirmative case would consist of the opinion and order of suspension, which he alleged was the equivalent of summary judgment in favor of the Grievance Committee. The Special Referee directed the parties to submit memoranda of law on that point. By a decision dated December 9, 1992, the Special Referee ruled that due process required that a full evidentiary hearing be held to protect the respondent's liberty interest in the pursuit of the profession of law. The Special Referee reasoned that, while due process does not preclude courts from exercising the power to enjoin lawyers from practice pending a full disciplinary hearing, it does not relieve disciplinary authorities from the necessity of holding a full evidentiary hearing.

The hearings were ultimately held over a prolonged period of time in a courtroom that accommodated several hundred persons. The Special Referee did not dismiss the respondent's defense of selective prosecution notwithstanding the respondent's failure to meet the usual threshold requirement of showing a reasonable probability of success when such a defense is raised. The Special Referee's report states, in relevant part, "For reasons relating to [the] respondent's prominence in the African-American community, [the] Referee exercised his discretion to give [the] respondent the opportunity to prove his disturbing claim that the petition to discipline him for alleged non-cooperation was based on his race and that Caucasian attorneys, similarly situated, would not have been subject to disciplinary proceedings."

To date, the respondent has not cooperated with the Grievance Committee's investigation of the Attorney-General's complaint beyond offering to appear and testify on a new date, while reserving his right to invoke, *inter alia,* the attorney-client privilege.

In determining an appropriate measure of discipline to impose, we have considered various mitigating factors including the respondent's leadership contributions to the African-American community, his involvement in civil rights causes, and the numerous character witnesses that were presented on his behalf.

On the other hand, the respondent is guilty of serious professional misconduct by virtue of his continuing defiance of court orders; his failure to comply with the rules governing suspended attorneys; and his unsubstantiated accusations that the courts, the Attorney-General, and the Grievance Committee are victimizing him because of his race.

Moreover, the respondent does not have an unblemished disciplinary record. The Grievance Committee reprimanded the respondent on September 13, 1988, for his disrespectful and obstreperous conduct as a defense attorney on July 11, 1984, when he threw his briefcase in the direction of the Judge's bench, striking the bench. The respondent's attempt to set aside the reprimand was denied by the United States District Court for the Eastern District of New York (Glasser, J.) on March 23, 1990, and sanctions were imposed against the respondent for his assertion of a frivolous claim.

Finally, the respondent's failure to recognize his obligation, as an attorney admitted to practice law in this jurisdiction, to comply with the rules promulgated by this Court bespeaks a fundamental disrespect for the judicial system. Under these circumstances, the respondent is suspended from the practice of law for a period of five years, effective as of the date of this opinion and order.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the respondent's motion to reject the Special Referee's report and to enter judgment in the respondent's favor is denied; and it is further,

Ordered that the petitioner's cross motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Alton H. Maddox, is suspended from the practice of law for a period of five years, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from

practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent shall continue to desist and refrain (a) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.